IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    -vs-

JEFFREY PATTON,

           Defendant.

16-CR-6051P

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S OMNIBUS MOTION FOR RELIEF**

---

The United States of America, through its attorney, William J. Hochul, Jr., United States Attorney for the Western District of New York, Douglas E. Gregory, Assistant United States Attorney, of counsel, does hereby make and file its response to the defendant's notice of motion and affirmation.

## SUPPRESSION OF STATEMENTS

When a defendant moves to suppress a statement that he claims was obtained in violation of Miranda, the government has the burden of proving by a preponderance of the evidence that the statement was made after a voluntary, knowing and intelligent waiver of the defendant's Miranda rights.  See Colorado v. Connelly, 479 U.S. 157, 168 (1986); United States v. Anderson, 929 F.2d 96, 99 (2d Cir.1991).  For a waiver to be voluntary, the waiver must have been "the product of a free and deliberate choice rather than intimidation, coercion, or deception."  Moran v. Burbine, 475 U.S. 412 (1986).  However, the accused need not "know and understand every possible consequence of a waiver of the Fifth

Amendment privilege." Colorado v. Spring, 479 U.S. 564 (1987). Instead, the accused need only be aware that "he may choose not to talk to law enforcement officers, to talk only with counsel present, or to discontinue talking at any time." Id.

Here, the defendant has moved to suppress all statements he made to law enforcement on February 21, 2016. While apparently conceding that Miranda rights were properly given, the defendant nevertheless claims (although no affidavit is provided) that he was "not in an appropriate state of mind to knowingly and voluntarily waive his rights against self-incrimination" because he was "under stress." As farfetched as this claim may be, the government agrees that because an issue of fact may exist, the government does not oppose a hearing on the matter.

## RULE 16 - DISCOVERY

The government believes that it has supplied counsel for the defendant with all discovery in this case, including police reports, related documents and photos. The defendant, through counsel, is invited to review government's files at any time in order to ensure that he has received all relevant documentation. Moreover, the defendant, through counsel, may examine any seized evidence or tangible items cited or referred to in the discovery package.

## MOTION FOR PRODUCTION OF JENCKS ACT MATERIAL

The government declines to produce Jencks Act material on the schedule proposed by the defendant. The government will provide materials earlier than required by 18 U.S.C. § 3500 and enough in advance to avoid the necessity for adjournments during trial to permit review of materials. To the extent the defendant requests the government's list of trial witnesses, such will be provided two weeks before trial or as required by pretrial order.

## MOTION TO LIMIT CROSS-EXAMINATION

The defendant seeks to limit the prior criminal acts and other conduct within the scope of Federal Rules of Criminal Procedure 404(b) and 609 to those described in the Government's Rule 12(b) notice. The government believes it has disclosed a fair portion of the evidence in its possession -- including the defendant's criminal record and various police reports relating to defendant -- which might fall within the ambit of these rules. This notice is only preliminary in nature and is not intended to foreclose the government from relying on other types of 404(b) evidence should it deem the introduction of such evidence appropriate at the time of trial. The government will provide the defendant with more definitive notice of its intent to rely on 404(b) evidence two (2) weeks prior to trial.

The government declines to release any further impeachment information at this juncture. To provide defense counsel with advance notice of impeachment evidence -- whether under rule 609 or otherwise -- would obviously destroy its effectiveness and would

undermine the truth seeking function of the jury. As at least one court has held, there is simply "[n]o rule or rationale [which] guarantees the defense advance knowledge of legitimate impeachment before it calls a witness." United States v. Baskes, 649 F.2d 471, 477 (7th Cir. 1980), cert. denied, 450 U.S. 1000 (1981); cf. United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993) (evidence does not become discoverable "merely because it would have dissuaded the defendant from proffering easily impeached testimony").

Any questions with respect to the propriety and the timing of the disclosure of any further 404(b) and 609 information can be addressed to the trial court at the time of the pre-trial conference.

## MOTION FOR PRESERVATION OF ROUGH NOTES

The government understands its obligation to inform its agents and officers working this investigation to maintain copies of their rough notes for trial.

## MOTION FOR DISCLOSURE OF BRADY MATERIAL

The government is fully aware of its responsibilities under the doctrine of Brady v. Maryland, 373 U.S. 83 (1963). Brady does not create a constitutional right of pre-trial discovery in a criminal proceeding and it does not require that the prosecution reveal before trial the names of all of its witnesses. Weatherford v. Bursey, 429 U.S. 545, 559 (1977). Nor does it require the disclosure of evidence affecting the credibility of prosecution

witnesses before it would otherwise become available under the discovery rules or the Jencks Act.  See United States v. Dotel, No. 93CR173, 1994 WL 25787, slip op. at 3 (S.D.N.Y. 1994) (Brady impeachment material as to government's witnesses -- i.e. Giglio material -- is properly disclosed when witness testifies at trial); United States v. Feldman, 731 F. Supp. 1189, 1200 (S.D.N.Y. 1990) (same); United States v. Victor Teicher & Co., L.P., 726 F. Supp. 1424, 1442-43 (S.D.N.Y. 1989)(same).

Brady compels the government to disclose exculpatory material in time for its effective use at a trial or at a plea proceeding. United States v. Copa, 267 F.3d 132, 144 (2d Cir. 2001) ("as long as a defendant possesses Brady evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner.  There is no Brady violation unless there is a reasonable probability that earlier disclosure of the evidence would have produced a different result at trial or at a plea proceeding." (Citations omitted)).

The government believes that it has disclosed all evidence that is factually exculpatory of which the government is aware.  The government will disclose any additional exculpatory evidence should any be discovered and will disclose any Giglio impeachment material with respect to its trial witness prior to trial.

## RESERVATION OF RIGHTS

The government has no objection to the defendant bringing further motions in this case, provided that such motions could not have been made with the omnibus motion

presently before the Court and that such motions have not been previously made and decided by the Court.

### GOVERNMENT'S REQUEST FOR RECIPROCAL DISCOVERY

The government hereby requests that the defendant be directed to produce any and all discovery to which the government is entitled under Rules 16(b)(1)(A), 16(b)(1)(B) and 16(b)(1)(C).

### CONCLUSION

For the reasons specified herein, the defendant's motions for various forms of relief should be denied except insofar as the materials and information requested have been provided, or the relief sought in the motions is not at issue. Further, the government's motion for reciprocal discovery should be granted.

DATED:  August 3, 2016

           WILLIAM J. HOCHUL, JR.
           United States Attorney

     BY: s/Douglas E. Gregory
        DOUGLAS E. GREGORY
        Assistant United States Attorney
        United States Attorney's Office
        100 State Street, Room 500
        Rochester, New York 14614

cc: Matthew Nafus, Esq.