IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

16-CR-6051FPG

JEFFREY PATTON,

Defendant.

## PLEA AGREEMENT

The defendant, JEFFREY PATTON, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1.     The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 21, United States Code, Section 841(a) (possession of heroin with intent to distribute), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $1,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 3 years and up to life.   The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to two (2) years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3.     The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

### Count 1 - 21 U.S.C. §841(a)(1)

First, that the defendant possessed a controlled substance;

Second, that the defendant knew that he possessed a controlled substance; and

Third, that the defendant intended to distribute the controlled substance.

"Intent" to distribute is established if a defendant intended to cause or assist the distribution of the controlled substance.

2

## FACTUAL BASIS

4.     The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

    a.  On or about February 21, 2016 at or near the residence known as 1205
        Jay Street, Apt. # 4, City of Rochester, in the Western District of New
        York, the defendant, JEFFREY PATTON did knowingly possess with
        the intent to distribute a mixture and substance containing a detectable
        amount of heroin, a Schedule I controlled substance.

    b.  The defendant admits and agrees that he utilized the residence at 1205
        Jay Street, Apt. # 4, for the purpose of manufacturing, storing and
        distributing heroin. The defendant further admits and agrees that in
        addition to quantities of heroin, two firearms were present at the 1205
        Jay Street, Apt. # 4 location, including (1) Hi Point, .380 caliber semi-
        automatic handgun, bearing serial number P8062181 and (1) Femaru,
        P.MOD 37, Kal 7.65 (32 caliber) semi-automatic handgun, bearing
        serial number 279900.

    c.  The defendant understands, agrees and does not dispute that less than
        10 grams of heroin is the amount of heroin involved in the defendant's
        relevant conduct encompassed in Count 1 of the Indictment, which
        could be readily proven by the government against the defendant.

## III.   SENTENCING GUIDELINES

5.     The defendant understands that the Court must consider but is not bound by

the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.     The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and

2D1.1(c)(14) apply to the offense of conviction and provide for a base offense level of 12.

## SPECIFIC OFFENSE CHARACTERISTICS

## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.      The government and the defendant agree that the following specific offense

characteristics do apply:

   a.      the 2-level increase pursuant to Guidelines § 2D1.1(b)(1) (possession
            of firearm); and

   b.      the 2- level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining
            premises to manufacture or distribute a controlled substance).

## ADJUSTED OFFENSE LEVEL

8.      Based on the foregoing, it is the understanding of the government and the

defendant that the adjusted offense level for the offense of conviction is 16.

## ACCEPTANCE OF RESPONSIBILITY

9.      At sentencing, the government agrees not to oppose the recommendation that

the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance

of responsibility) and further agrees to move the Court to apply the additional one (1) level

downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of

13.

4

## CRIMINAL HISTORY CATEGORY

10.     It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11.     It is the understanding of the government and the defendant that, with a total offense level of 13 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **12 to 18 months, a fine of $5,500 to $1,000,000, and a period of supervised release of 3 years.**  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12.     Notwithstanding the above calculations, it is the agreement of the parties pursuant to **Rule 11(c)(1)(C)** of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose an **18-month term of imprisonment,** as part of the appropriate sentence in this case.  If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty.   This

5

agreement does not affect the amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

13.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14.     The defendant understands that, except as set forth in ¶ 12, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   STATUTE OF LIMITATIONS

15.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of

6

controlled substances, and the unlawful possession and use of firearms, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.  GOVERNMENT RIGHTS AND RESERVATIONS

16.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement, including the amount of a fine and/or the method of payment; and

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

17.    At sentencing, the government will move to dismiss the remaining counts of Indictment 16-CR-6051FPG.

7

18.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.  APPEAL RIGHTS

19.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

20.     The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

21.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence.  However, in the

8

event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.  FORFEITURE PROVISIONS

22.    The defendant acknowledges that to the extent the defendant has any right or interest in the firearms described below, the defendant forfeits said right and interest to the government, and agrees that the firearms constitute a nuisance as provided for in New York Penal Law § 400.05.  The property is described as follows:

   a.  (1) Hi Point, .380 caliber semi-automatic handgun, bearing serial number P8062181.

   b.  (1) Femaru, P.MOD 37, Kal 7.65 (32 caliber) semi-automatic handgun, bearing serial number 279900.

   c.  Six rounds of ammunition.

23.    The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property.  The defendant further agrees to the destruction of the aforementioned property.

24.    In the event the defendant is allowed to withdraw the plea of guilty or in the event this agreement is voided by the Court, it is expressly agreed and understood that the agreement for the forfeiture and disposition of the firearms and ammunition is binding upon

9

the defendant and survives the voiding of this agreement.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

25.    This plea agreement represents the total agreement between the defendant, JEFFREY PATTON, and the government.   There are no promises made by anyone other than those contained in this agreement.    This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
Acting United States Attorney
Western District of New York

BY:    _____
DOUGLAS E. GREGORY
Assistant United States Attorney

Dated:   December __7_, 2016

## ACKNOWLEDGMENT

I, JEFFREY PATTON, have read and understand this agreement, which consists of 11 pages. I have had a full opportunity to discuss this agreement with my attorney, Matthew Nafus, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.


JEFFREY PATTON
Defendant

MATTHEW NAFUS, ESQ.
Attorney for the Defendant

Dated: December 7, 2016

Dated: December 7, 2016

11